IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LANCE MURPHY,

    Plaintiff,

vs.

CITY OF EAST ST. LOUIS ILLINOIS, THE BOARD OF FIRE AND POLICE COMMISSIONERS, VERGE RILEY, JESSE DAVIS, LEVOY PERRY, JOHNNY SCOTT, LARRY HAMPTON, SR., LENZIE STEWART, AUBREY KELLER, and RANADORE FOGGS,

    Defendants.

Case No. 13-cv-11-JPG-SCW

## MEMORANDUM AND ORDER

This matter come before the Court on (1) plaintiff Lance Murphy's motion to disqualify counsel (Doc. 37) and (2) defendants City of East St. Louis, Illinois ("the City"); The Board of Fire and Police Commissioners of East St. Louis ("the Board"); Verge Riley; Jesse David; Levoy Perry; Johnny Scott; Larry Hampton, Sr.; Lenzie Stewart; and Aubrey Keller's (collectively "Defendants") motion for summary judgment (Doc. 38). For the following reasons, the Court denies both motions.

1. Background

Murphy's claim arises from his termination from the East St. Louis Police Department ("the Department"). Murphy, a lieutenant in the Department, attended a December 30, 2010, East St. Louis city council meeting where council members discussed layoffs. During the meeting, there was a confrontation between council member Roy Mosley and Murphy. Mosley alleged Murphy threatened him during that confrontation.

On January 5, 2011, Keller, Assistant Police of Chief, informed Murphy she was going to give him a letter of reprimand as a result of Mosley's allegations.  The next day, on January 6, 2011, Murphy attempted to attend another council meeting, but Keller ordered Murphy not to attend.  Murphy did not enter the council chambers that night, but Defendants allege there was a confrontation between Murphy and his superiors.  Thereafter, Murphy was suspended and ordered to appear at the Department on January 14, 2011.  At that time, Murphy was informed he had been suspended from January 7, 2011, to January 13, 2011, based on Mosley's allegations.  The Department gave Murphy a statement of charges and suspended him pending a termination hearing for allegedly failing to obey an order on January 6, 2011.  The department held a hearing on Murphy's termination.  Murphy and his counsel ultimately left the hearing expressing that they would not participate in an unfair hearing.  As such, Murphy presented no evidence at the hearing, and the Board ultimately terminated Murphy.

On August 30, 2011, Murphy filed a complaint for administrative review in the Circuit Court of St. Clair County, Illinois (Case No. 11-MR-225) alleging the decision of the Board to terminate him violated his "rights to substantive and procedural due process and equal protection of the law" among other violations.  Shortly thereafter, Defendants filed a motion to dismiss the state court complaint arguing that Murphy had waived his right to appeal because he left the administrative hearing and chose not present any evidence.  On June 18, 2012, the Circuit Court granted the motion to dismiss without stating its reasons.  Murphy appealed.  *See Murphy v. City of E. St. Louis, et al.*, 2013 IL App (5th) 120313-U (Ill. App. Ct. 2013).  The state appellate court reversed the lower court's order and remanded the case for further proceedings noting that "[t]here is nothing in the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2010)) or the case law that suggests a party must present evidence at an adjudicatory hearing in order to

2

seek administrative review of the decision rendered as a result of that hearing" (Doc. 38-7). Thereafter, Murphy voluntarily dismissed his state court case.

Murphy filed his three-count complaint in this Court on January 4, 2013, pursuant to 42 U.S.C. § 1983 alleging the following constitutional violations: (1) violation of his procedural and substantive due process rights for Defendants' failure to provide him with a fair and impartial termination hearing; (2) violation of his first amendment right to free speech, against all defendants except Hampton, for terminating him based upon his speech concerning the diminution of police officers; and (3) conspiracy to violate his constitutional rights against all defendants except Hampton for conspiring together to interfere with Murphy's procedural due process right to a fair and impartial hearing and his first amendment right for terminating him based on his protected speech. The Court now will consider the parties' motions in turn.

2. Motion for Disqualification

Murphy asks the Court to disqualify Defendants' counsel, Heidi Eckert, arguing that she has become a "necessary witness" to this litigation. Specifically, Murphy alleges that during his deposition on November 21, 2013, Eckert relayed the content of an email she had received indicating the City wanted Murphy to return to work. At a status conference with Magistrate Judge Williams on November 26, 2013, Eckert again stated that the City wanted to rehire Murphy and sought out a settlement conference. However, at Parks' deposition on December 12, 2013, he denied that he wanted Murphy to return to work for the City. Murphy alleges Eckert is now a necessary witness to the disputed fact of the City's intention to rehire Murphy because Parks' deposition statements contradict his statements to his attorney. Murphy argues these statements could be introduced against the City as a statement against interest indicating whether Murphy was wrongfully terminated.

Courts enjoy broad discretion in determining whether disqualification is required. *Schloetter v. Railoc of Ind., Inc.*, 546 F.2d 706, 710 (7th Cir. 1986). Where it is necessary that counsel testify as a witness, disqualification is appropriate. *Greater Rockford Energy and Tech. Corp. v. Shell Oil Co.* 777 F. Supp. 690, 693 (C.D. Ill 1991). Motions to disqualify, however, "should be viewed with extreme caution because they can be used as a means of harassment." *Id*. Further, the Court must be mindful that disqualification denies a party the counsel of her choice and subsequent new counsel may have difficulty mastering "the nuance of the legal and factual matters" at a later stage of litigation. *Greater Rockford Energy*, 777 F. Supp. at 693-94 (C.D. Ill 1991) (citing *Freeman*, 689 F.2d at 719).

> Pursuant to Rule 3.7 of the Illinois Rules of Professional Conduct:
>
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) The testimony relates to an uncontested issue;
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
> (3) Disqualification of the lawyer would work substantial hardship on the client.

In determining whether an attorney must testify, courts may consider the necessity of the testimony and the availability of other witnesses. *Greater Rockford Energy*, 777 F. Supp. at 694.

Murphy argues that none of the Rule 3.7 exceptions apply in this case. Specifically, Murphy contends that Eckert's proposed testimony relates to a contested matter - the City's intention of rehiring Murphy. Murphy further argues the Defendants would not suffer a substantial hardship because the law firm of Clayborne, Sabo & Wagner can continue to represent Defendants upon Eckert's disqualification.

Defendants argue Eckert is not a "necessary witness" within the meaning of Rule 3.7. Specifically, the conversation to which Murphy intends to solicit Eckert's testimony is inadmissible because the conversation was part of settlement negotiations. Defendants also

4

argue that the proposed testimony would violate the attorney-client privilege. Finally, Defendants argue that even if Eckert were a necessary witness, Murphy's motion to disqualify is premature and she could continue to represent Defendants until the commencement of trial or other members of Eckert's firm could continue to represent Defendants.

Federal Rule of Evidence 408 provides as follows:

> Compromise Offers and Negotiations. (a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority. (b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation.

Fed. R. Evid. 408.

The Court agrees with Defendants and finds that Eckert is not a necessary witness necessitating her disqualification. The content of Eckert's conversation with Parks would not be admissible under Federal Rule of Evidence 408 because it appears to be in furtherance of settlement negotiations. Murphy himself acknowledges that the offer to place him back in the job prompted him to engage in further settlement negotiations. If the Court were to permit Eckert to testify to potential offers of settlement, including job reinstatement, it would place a chilling effect on settlement negotiations contrary to the strong policy in favor of such negotiations.

Murphy has also failed to allege there is not alternative evidence available to evidence the City's intent as it is relevant to this case. Murphy's filings in this case indicate someone from the City offered to reinstate him and Murphy could testify to that fact. As such, the Court is

unable to conclude at this point in time that Eckert is a necessary witness. For these reasons, the Court denies Murphy's motion to disqualify counsel.

3. Motion for Summary Judgment

Defendants filed their motion for summary judgment arguing they are entitled to judgment as a matter of law based on collateral estoppel. Collateral estoppel is clearly inapplicable in this case.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine

issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Collateral estoppel prevents the relitigation of the same issues between the same parties. *DeGuelle v. Camilli*, 724 F.3d 933, 936 (7th Cir. 2013). The issue preclusion of the state determines the preclusive effect of the state court judgment. *McNealy v. Caterpillar, Inc.*, 139 F.3d 1113, 1116 (7th Cir. 1998). Under Illinois law,

> [a]n issue litigated in a prior proceeding may not be relitigated if (1) the issue decided it the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Dunlap v. Nestle USA, Inc.* 431 F.3d 1015, 1018 (7th Cir. 2005) (citing *Herzog v. Lexington Twp.*, 657 N.E.2d 926 (Ill. 1995)).

Here, there is no adjudication on the merits. The state appellate court, as Defendants acknowledge, reversed and remanded the lower court's order dismissing Murphy's claim. As such, there is no state court judgment to which this court could accord preclusive effect and the doctrine of collateral estoppel does not preclude the instant case. The Court thus denies Defendants' motion for summary judgment.

4. Conclusion

For the foregoing reasons, the Court **DENIES** Murphy's motion for disqualification (Doc. 37) and Defendants' motion for summary judgment (Doc. 38).

**IT IS SO ORDERED.**
**DATED:** April 4, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

7