**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

LANCE MURPHY,

　　　　Plaintiff,

　　v.

CITY OF EAST ST. LOUIS, ILLINOIS, et al.,

　　　　Defendants.

Case No. 13-cv-00011-JPG-SCW

**MEMORANDUM AND ORDER**

This matter is before this Court on Defendants' Motion for leave to File Amended Affirmative Defenses *Instanter* (Doc. 69).   Plaintiff filed a Response in Opposition (Doc. 71).   Because the time for amendment as a matter of right has passed, whether the defendants should be allowed to amend their affirmative defenses is governed by Federal Rule of Civil Procedure 15(a)(2).

Rule 15(a)(2) provides that a party may amend their pleading only with the opposing parties' written consent, which the defendants have not obtained, or leave of court, which the Court should freely give when justice requires.   The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities."   *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989);   *see Diersen v. Chi. Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997);   *Woods v. Ind. Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993).   Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court.   *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997);   *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995).   A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.   *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

In this matter, Defendants seek leave to amend their affirmative defenses *instanter* to clarify, "that the immunity being sought includes qualified immunity and quasi-judicial immunity." (Doc. 69, paragraph 3.)   However, the Court notes that Defendants' Affirmative Defenses to Plaintiff's Amended Complaint states that the Defendants are entitled to qualified immunity.  (Doc. 24, paragraph 3).  As such, it appears that Defendants are not clarifying the types of immunity sought, but are attempting to add the affirmative defense of quasi-judicial immunity.

The Plaintiff argues, and the Court agrees, that discovery in this matter has been completed for more than a year and Defendants are requesting to add a new affirmative defense just days before trial without citing to new facts.  The additional of the quasi-judicial immunity affirmative defense at this stage would prejudice the Plaintiff.

Therefore, Defendants' Motion for leave to File Amended Affirmative Defenses *Instanter* (Doc. 69) is **DENIED** and Defendants may raise this issue in a post-trial motion, if appropriate.

**IT IS SO ORDERED.**

**DATED:**   3/23/2015

_s/J. Phil Gilbert_
**J. PHIL GILBERT**
**DISTRICT JUDGE**